878 F.2d 381
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David CULP, Petitioner-Appellant,
v.
UNITED STATES PAROLE COMMISSION; Patrick W. Keohane,
Warden, Respondents-Appellees.
 No. 88-6265.
 United States Court of Appeals, Sixth Circuit.
 June 23, 1989.
 
 1
 Before BOYCE F. MARTIN and NATHANIEL R. JONES, Circuit Judges, and JULIAN A. COOK, Jr., District Judge.*
 
 ORDER
 
 2
 David Culp, a pro se federal prisoner, appeals the district court's denial of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2241. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Culp filed this action to challenge the decision of the defendant Parole Commission conditioning his parole upon his participation in a drug aftercare program. Culp argued that the Commission's decision is arbitrary, capricious, and an abuse of discretion because there is no evidence he needs drug aftercare. Culp requested the district court to remove the drug aftercare requirement as a condition of his parole. The district court initially dismissed the petition sua sponte for Culp's failure to state a claim upon which relief could be granted. This court vacated the dismissal and remanded the case for further proceedings. Culp v. United States Parole Commission, No. 83-5735 (6th Cir. March 14, 1984). Upon remand, an evidentiary hearing was conducted, and thereafter, the magistrate filed his recommendation that the petition be denied because there was sufficient evidence in the record to support the Commission's finding that Culp needed drug aftercare. The case was inactive for several years due to other proceedings not directly pertinent to this action. The district court ultimately dismissed the petition as moot because the Commission had ample reasons to impose the drug aftercare requirement as during the interim Culp admitted that he was using marijuana in prison. The district court later denied reconsideration of its order.
 
 
 4
 Upon review, we affirm the district court's judgment for different reasons as Culp does not have a constitutionally protected liberty interest in parole. The federal regulations governing parole, 28 C.F.R. Sec. 2.2, do not use mandatory language limiting the discretion of the Commission. Therefore, Culp does not have a legitimate expectation in parole because the federal regulations do not implicate either a liberty or property interest protected by the fifth amendment due process clause. See Greenboltz v. Nebraska Penal Inmates, 442 U.S. 1, 7-12 (1979). Cf. Olim v. Wakinekona, 461 U.S. 238, 249 (1983). Since Culp has neither a liberty or property interest in parole, his due process rights were not violated by the Commission's requirement that he participate in a drug aftercare program.
 
 
 5
 Moreover, even if such an interest were implicated in this case, we find ample evidence in the record to support the Commission's decision requiring Culp to participate in a drug aftercare program as a condition of his parole.
 
 
 6
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Julian A. Cook, Jr., U.S. District Judge for the Eastern District of Michigan, sitting by designation